# UNITED STATES DISTRICT COURT
FOR THE
# DISTRICT OF RHODE ISLAND

**STATE OF RHODE ISLAND,** by and through the **RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT** and **PATRICK LYNCH, ATTORNEY GENERAL**

*Plaintiffs*

vs.

**BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP** and **CENTERDALE MANOR ASSOCIATES**

*Defendants*

[redacted] 05 203 S

**Civil Action No.**

**NOTICE OF LODGING BY THE STATE OF RHODE ISLAND**

Plaintiff, State of Rhode Island, by and through Rhode Island's Departments of Environmental Management and the Attorney General ("State"), hereby gives notice that it joins with the United States of America in its lodging of the proposed Consent Decrees filed by the United States in *United States v. Brook Village Associates L.P. et al.,* *C.A. No. 05-195(S),* on or about May 6, 2005. *(Copies of the Consent Decrees are attached hereto for reference.)*

In accordance with Section 122(d) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9622(d), and Rhode Island General Laws §23-19.14-11 of the Rhode Island Industrial Property Remediation and Reuse Act, the State will give public notice of the lodging of the proposed Consent Decree by publication in the Providence Journal-Bulletin to commence a thirty (30) day period for public comment. At the conclusion of the thirty-day comment period, the State will evaluate the

(2)

comments and determine whether it is appropriate to proceed with the proposed settlement. Copies of all comments, and the State's responses thereto, will be filed with the Court contemporaneously with any motion to enter or to withdraw from the proposed Consent Decree.

Submitted by:

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney:

Brian A. Wagner (R.I. Bar No. 4033)
Deputy Chief Legal Counsel
RIDEM – Office of Legal Services
235 Promenade St.
Providence, RI 02908

Tel. – (401) 222-6607
Fax - (401) 222-3378

PATRICK LYNCH, ATTORNEY GENERAL
By his attorney:

Terence Tierney (R.I. Bar No. 2583)
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main St.
Providence, RI 02903

Tel. – (401) 274-4400
Fax – (401) 273-4270

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2005, a copy of the within Notice of Lodging was forwarded to:

Louis Matos, Esq.
United States Attorney's Office, Dist. of R.I.
50 Kenney Plaza, 8th Floor
Providence, RI 02903

Henry Friedman, Esq.
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Eve S. Vaudo, Esq.
New England Region, Region I
U.S. Environmental Protection Agency
Once Congress Street, Suite 1100
Boston, MA 02114-2023

Laurie Burt, Esq.
FOLEY HOAG, LLP
155 Seaport Blvd.
Boston, MA 02210

Howard Castleman, Esq.
MURTHA CULLINA, LP
99 High Street
Boston, MA 02110

Michael Melito, Esq.
R.I. Housing & Mortgage Finance Corp.
44 Washington St.
Providence, RI 02903

By regular mail, postage pre-paid.

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF RHODE ISLAND, Plaintiffs, v. BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, Defendant. | Civil Action No. ________ Judge ________ |

**CONSENT DECREE**

**I. BACKGROUND**

A. The United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") of the United States Department of Commerce and the United States Department of the Interior ("DOI"), as the designated federal trustees for natural resources, and the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint against Brook Village Associates Limited Partnership ("Settling Defendant") in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA"), seeking injunctive relief, reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Centredale Manor Restoration Project Superfund Site in North Providence, Rhode Island ("the Site") and compensation for Natural Resource Damages associated with the natural resources allegedly injured by the release of hazardous substances at the Site.

B. The State of Rhode Island (the "State") also filed a complaint against the Settling Defendant in this matter alleging that the Settling Defendant is liable to the State pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and various State statutory and common law theories with respect to the Site. The State in its complaint seeks reimbursement of response and other costs incurred or to be incurred for response actions and other measures taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Site.

has determined that Settling Defendant has limited financial ability to pay for Natural Resource Damages at or response costs incurred or to be incurred at the Site and/or for Natural Resource Damages and Costs of Assessment, while maintaining the affordable housing on the Property. The United States further has determined that requiring Settling Defendant to pay significantly more than the amount specified in Section VI in connection with the Site, while still operating and maintaining the Section 8 housing on the Property, would impose an extreme burden on the Settling Defendant and would jeopardize continued operation of the affordable housing complex at the Property. Equitable and public interest considerations associated with resolving federal and state environmental liability for the owner of this Section 8 apartment building for the elderly, including the urgent need to preserve and maintain affordable housing in the State, support the settlement contained in this Consent Decree.

H. So that it may fund its obligations under this Consent Decree, while maintaining affordable housing on the Property, Settling Defendant has committed to enter into a new long term mortgage transaction with Rhode Island Housing pursuant to the State's Preservation Refinancing program, whereby Settling Defendant will commit to continue to use the Property as affordable housing for the elderly for forty (40) more years. The settlement payments to be made by Settling Defendant pursuant to Section VI represent the maximum equity that can be realized as a result of this new mortgage, consistent with federal and state requirements. Rhode Island Housing has agreed to provide such new mortgage financing to Settling Defendant, after the Effective Date of this Consent Decree and subject to certain standard real estate conditions, in exchange for the covenant not to sue and contribution protection provided in Sections VIII and XI.

I. The United States, the State of Rhode Island, and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and is entered into without the admission or adjudication of any issues of fact or law, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, consistent with the goals of CERCLA, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

i. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

j. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

k. "Natural Resource Damages" shall mean damages recoverable pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, for injury to, destruction of, or loss of natural resources at the Site including, but not limited to, Costs of Assessment and costs of restoring, replacing or acquiring the equivalent of injured or lost natural resources.

l. "NOAA" shall mean the National Oceanic and Atmospheric Administration of the United States Department of Commerce, and any successor departments, agencies or instrumentalities of the United States.

m. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

n. "Parties" shall mean the United States, the State of Rhode Island, and the Settling Defendant.

o. "Plaintiffs" shall mean the United States and the State of Rhode Island.

p. "Preservation Refinancing" shall mean the program administered by Rhode Island Housing pursuant to which Rhode Island Housing will enter into a refinancing arrangement with a Section 8 subsidized apartment building in exchange for the owner's agreement to extend the affordability restrictions beyond the original term.

q. "Prevailing Interest Rate" shall mean the sum of (a) the most recent weekly average yield on the twenty year treasury constant maturity bond, as published in the Federal Reserve Statistical Release H.15-Selected Interest Rates, from the date of the closing of the Preservation Refinancing mortgage transaction, and (b) 365 basis points.

r. "Property" shall mean the parcel of land owned by Settling Defendant at 2072 Smith Street in North Providence, Rhode Island, and the improvements thereon, including an affordable housing apartment building.

s. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

t. "Removal Orders" shall mean the Unilateral Administrative Order for Removal Action (CERCLA-1-2000-0026, April 12, 2000), the Second Administrative Order for Removal Action (CERCLA-1-2001-0032, March 26, 2001), and the Third Administrative Order on Consent for Removal Action (CERCLA-1-2003-0073, September 16, 2003) collectively.

Preservation Refinancing mortgage transaction, consistent with federal and state requirements, using the Prevailing Interest Rate in effect at the time of the closing.

6. From the total payment to be made to the United States, $68,450.00 shall be paid on behalf of DOI for Natural Resource Damages, including past and future Costs of Assessment. Payment shall be made by the Payment Date by Fedwire Electronic Funds Transfer to the DOJ account in accordance with current electronic funds transfer procedures, referencing DOJ Case Number ______, and NRDAR Account Number 14X5198. Payment shall be made in accordance with instructions provided, upon request, to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Rhode Island following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Settling Defendants shall send notice that such payment has been made to the persons listed in Section XV (Notices and Submissions) for notice to DOJ, and to Department of the Interior, Natural Resource Damage Assessment and Restoration Program, Attn: Restoration Fund Manager, 1849 C Street, NW, Mailstop 4449, Washington, D.C. 20240. The notice shall state that the payment is for reimbursement of Costs of Assessment for natural resource damage assessment and for Natural Resource Damages with respect to the Centredale Manor Restoration Project Superfund Site, located in North Providence, Rhode Island, and include the DOJ Case Number ______, the Site name, the Site location, and the name of the Settling Defendant making the payment.

7. The remaining payment to be made to the United States shall be paid on behalf of EPA and shall be deposited in the Centredale Manor Restoration Project Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site. This payment shall be made by the Payment Date by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number ___________, the EPA Region and Site Spill ID Number RID981203755, and DOJ Case Number __________. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Rhode Island following lodging of the Consent Decree. Any payment received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Except as provided in Paragraph 10 of this Consent Decree, and subject to Section XII of this Consent Decree, Settling Defendant shall have no further obligation to conduct or finance response actions in connection with the Removal Orders.

8. At the time of payment to EPA, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions) and to George Hoxie at EPA New England, One Congress Street, Suite 1100 (MCO), Boston, Massachusetts 02114-2023.

9. Payment to the State pursuant to Paragraph 5 shall be in the form of a certified check. The check shall be made payable to "General Treasurer - State of Rhode Island (for deposit in the Environmental Response Fund)," and shall only be used by the State for the benefit of and/or for use at the Site. By the Payment Date, Settling Defendant shall send the check to the State representative listed in Section XV (Notices and Submissions).

day that such payment is late. Stipulated penalties for failure to comply with Paragraphs 5, 6, 7, 10 and 12 shall be paid 100 percent to the United States, and stipulated penalties for failure to comply with payment requirements of Paragraph 9 shall be paid 100 percent to the State.

1. Stipulated penalties owed to EPA are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number RID981203755, and DOJ Case Number ________, and shall be sent to:

Region 1
U.S. Environmental Protection Agency
Attn. Hazardous Substance Superfund Accounting
P.O. Box 360 197M
Pittsburgh, PA 15251

At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions) and to George Hoxie at EPA New England, One Congress Street, Suite 1100 (MCO), Boston, Massachusetts 02114-2023.

2. Stipulated penalties owed to DOI are due and payable within 30 days after the date of the demand for payment of the penalties by DOI. All payments to DOI under this Paragraph shall be identified as "stipulated penalties" and shall be made in the same manner as set forth in Paragraph 6. At the time of each payment, Settling Defendant shall send notice that payment has been made to DOI and DOJ in accordance with Section XV (Notices and Submissions).

3. Stipulated penalties owed to the State are due and payable within 30 days after the date of demand for payment of penalties by the State. All payments to the State under this Paragraph shall be identified as "stipulated penalties" and shall be made in the same manner as set forth in Paragraph 9. At the time of payment, Settling Defendant shall send notice that payment has been made to the State in accordance with Section XV (Notices and Submissions).

b. Penalties shall accrue as provided in this Paragraph regardless of whether EPA, DOI or the State has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

c. In the event that the closing of the Preservation Refinancing mortgage transaction is delayed as a result of causes beyond the control of Rhode Island Housing and the

19. Except as specifically provided in Section IX, the State covenants not to sue or to take administrative action against Settling Defendant, its current and former general and limited partners, and their officers, directors, heirs, successors and assigns, but only to the extent that the alleged liability of the partner, officer, director, heir, successor or assign is based solely on its status as and in its capacity as a partner, officer, director, heir, successor or assign of Settling Defendant, and Rhode Island Housing, with regard to the Site, pursuant to Section 107(a) of CERCLA, 42 U.S.C. §§ 9607(a), RCRA §7001 et seq., 42 U.S.C. § 6971 et seq., the Federal Water Pollution Control Act §301 et seq., 33 U.S.C. §1311 et seq.; the Rhode Island Industrial Property Remediation and Reuse Act, R.I. Gen. Laws Ch. 23-19.14 et seq.; the Rhode Island Hazardous Waste Management Act , R.I. Gen. Laws Ch. 23-19.1 et seq.; the Rhode Island Oil Pollution Control Act, R.I. Gen. Laws Ch. 46-12.5 et seq., the Rhode Island Groundwater Protection Act , R.I. Gen. Laws Ch. 46-13.1 et seq.; the Rhode Island Water Pollution Act, R.I. Gen. Laws Ch. 46-12 et seq.; and pursuant to other similar state law or common law regarding hazardous waste, environmental pollution, nuisance, or trespass. With respect to present and future liability, this covenant not to sue shall take effect upon receipt by the State of all payments required by Section VI (Payment By Settling Defendant) and any amount due under Section VII (Failure to Comply with Consent Decree). The State's total damages and/or response costs recoverable from other entities with respect to the Site shall be reduced by the amount of the payment received from Settling Defendant in accordance with Section VI of this Consent Decree.

## IX. RESERVATION OF RIGHTS

20. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Paragraph 18. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant, with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability for damages, including the costs of an assessment of damages, under Section 107 CERCLA, 42 U.S.C. § 9607, for injury to, destruction of, or loss of natural resources due to the past, present, or future disposal, release, or threat of release of hazardous substances outside of the Site;

c. criminal liability;

d. liability, based on Settling Defendant's future transportation, treatment, storage, or disposal, or the future arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant;

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant by Settling Defendant outside of the Site; and

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 25 (Waiver of Claims) and Paragraph 30 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 20 (b) – (f), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

24. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

25. Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

26. Settling Defendant agrees that it will not sell, assign, transfer or exchange the Property, unless the transferee agrees, as part of the transfer, to use the Property as affordable housing or, if approved by Rhode Island Housing, as an affordable assisted living facility, for the balance of the time period specified in Paragraph 33 below and to be bound by the access and institutional controls provisions in Section XII. In the event of such a transfer of the Property, or any portion thereof, Settling Defendant shall notify EPA and DOJ within 30 days before the closing of the transfer and shall provide EPA and DOJ with a copy of the sale agreement within that same time period. Notwithstanding any transfer of the Property, or a portion thereof, Settling Defendant shall continue to be bound by all the terms and conditions, and subject to all the benefits, of this Consent Decree. Nothing in this Paragraph obligates Settling Defendant to, or prohibits Settling Defendant from, transferring the Property or any portion thereof.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

27. Except as provided in Paragraphs 18, 19, 25 and 28, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 25, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

## XII. ACCESS AND INSTITUTIONAL CONTROLS

31. If the Site, or any other property where access and/or land/water use restrictions are needed to implement response activities at the Site, is owned or controlled by Settling Defendant, Settling Defendant shall:

a. Commencing on the date of lodging of this Consent Decree, provide the Respondents to the Removal Orders and the United States and its representatives, including contractors of EPA, with access at all reasonable times to the Site, or such other property within its ownership or control, for the purpose of conducting any response activity related to the Site, including, but not limited to, the following activities:

1. Monitoring, investigation, removal, remedial or other activities at the Site;

2. Verifying any data or information submitted to the United States;

3. Conducting investigations relating to contamination at or near the Site;

4. Obtaining samples;

5. Assessing the need for and/or planning additional response actions at or near the Site;

6. Implementing additional response actions at or near the Site;

7. Inspecting and copying records, operating logs, contracts, or other non-privileged documents maintained or generated by Settling Defendant or its agents, consistent with Section XIII (Access to Information);

8. Assessing Settling Defendant's compliance with this Consent Decree;

9. Determining whether the Site or Property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree; and

10. Ongoing response actions at the Site pursuant to the Removal Orders.

b. Commencing on the date of lodging of this Consent Decree, maintain the Property in a manner appropriate for a residential apartment complex (including standard landscaping activities) and refrain from using the Site or Property in any manner that would interfere with or adversely affect the implementation, integrity or protectiveness of any removal or remedial measures performed at the Site; and

therewith, Settling Defendant shall cooperate with EPA's efforts to secure such governmental controls.

33. Within thirty (30) days after the closing of the Preservation Refinancing Mortgage described in Paragraph 5 of this Consent Decree, Settling Defendant will record with the Records of Land Evidence of the Town of North Providence, in Providence County, State of Rhode Island, an instrument, in a form acceptable to Rhode Island Housing and Plaintiffs, which will continue or restate as restrictions encumbering title to the Property for forty (40) years those restrictions currently of record which dedicate the use of the Property to affordable housing.

34. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII. ACCESS TO INFORMATION

35. Settling Defendant shall provide to EPA, upon request, copies of all non-privileged records, reports, or information (hereinafter referred to as "records") within its possession or control or that of its contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

36. Confidential Business Information and Privileged Documents.

a. Settling Defendant may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Settling Defendant that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendant.

b. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing records, it shall provide EPA with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

37. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, the State and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # _______ )
P.O. Box 7611
Washington, D.C. 20044-7611

As to DOI:

Mark Barash
U.S. Department of the Interior
Office of the Solicitor
One Gateway Center
Suite 612
Newton Corner, MA 02158-2868

As to NOAA:

Gwendolyn A. Wilkie
United States Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel, Natural Resources Division
Gloucester, MA 01930-2298

As to EPA:

Anna Krasko
U.S. E.P.A - New England Region
One Congress Street Suite 1100 (HBO)
Boston, Massachusetts 02114-2023

As to the State:

Louis Maccarone
Sanitary Engineer
Project Manager
RIDEM Office of Waste Management
235 Promenade Street
Providence, RI 02908

Justice and the State certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

47. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

48. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX. FINAL JUDGMENT

49. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS __________ DAY OF _______________, 2005.

_______________________________
United States District Judge

Robert W. Varney
Regional Administrator
New England, Region 1
U.S. Environmental Protection Agency
One Congress Street, Suite 1100
Boston, MA 02114-2023

Eve S. Vaudo
Senior Enforcement Counsel
New England, Region 1
U.S. Environmental Protection Agency
One Congress Street, Suite 1100 (SES)
Boston, MA 02114-2023

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Brook Village Associates Limited Partnership, Civ. Act. No. __________, relating to the Centredale Manor Restoration Project Superfund Site.

FOR THE STATE OF RHODE ISLAND

______________________________
Patrick C. Lynch
Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

______________________________
Frederick J. Vincent
Interim Director
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767

______________________________
Bret Jedele
Staff Attorney
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767

Date: 1-19-05

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Brook Village Associates Limited Partnership, Civ. Act. No. ___________, relating to the Centredale Manor Restoration Project Superfund Site.

FOR DEFENDANT BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP

______________________________

Name: Samuel Ross,
Title: President of Brook Village Corporation, its General Partner
Address: 6 Faneuil Hall Marketplace
Boston, Massachusetts 02109-1620

Dated as of January 12, 2005

Agent Authorized to Accept Service on Behalf of Above-signed Party:

______________________________

Name: Samuel Ross,
Title: President of Brook Village Corporation, its General Partner
Address: 6 Faneuil Hall Marketplace
Boston, Massachusetts 02109-1620

Dated as of January 12, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF RHODE ISLAND,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERDALE MANOR ASSOCIATES,<br><br>Defendant. | Civil Action No. __________<br><br>Judge _______________ |

**CONSENT DECREE**

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") of the United States Department of Commerce and the United States Department of the Interior ("DOI"), as the designated federal trustees for natural resources, and the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint against Centerdale Manor Associates ("Settling Defendant") in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA"), seeking injunctive relief, reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Centredale Manor Restoration Project Superfund Site in North Providence, Rhode Island ("the Site") and compensation for Natural Resource Damages associated with the natural resources allegedly injured by the release of hazardous substances at the Site.

B. The State of Rhode Island (the "State") also filed a complaint against the Settling Defendant in this matter alleging that the Settling Defendant is liable to the State pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and various State statutory and common law theories with respect to the Site. The State in its complaint seeks reimbursement of response and other costs incurred or to be incurred for response actions and other measures taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Site.

further has determined that requiring Settling Defendant to pay significantly more than the amount specified in Section VI in connection with the Site, while still operating and maintaining the Section 8 housing on the Property, would impose an extreme burden on the Settling Defendant and would jeopardize continued operation of the affordable housing complex at the Property. Equitable and public interest considerations associated with resolving federal and state environmental liability for the owner of this Section 8 apartment building for the elderly, including the urgent need to preserve and maintain affordable housing in the State, support the settlement contained in this Consent Decree.

H. So that it may fund its obligations under this Consent Decree, while maintaining affordable housing on the Property, Settling Defendant has committed to enter into a new long term mortgage transaction with Rhode Island Housing pursuant to the State's Preservation Refinancing program, whereby Settling Defendant will commit to continue to use the Property as affordable housing for the elderly for forty (40) more years. The settlement payments to be made by Settling Defendant pursuant to Section VI represent the maximum equity that can be realized as a result of this new mortgage, consistent with federal and state requirements. Rhode Island Housing has agreed to provide such new mortgage financing to Settling Defendant, after the Effective Date of this Consent Decree and subject to certain standard real estate conditions, in exchange for the covenant not to sue and contribution protection provided in Sections VIII and XI.

I. The United States, the State of Rhode Island, and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and is entered into without the admission or adjudication of any issues of fact or law, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, consistent with the goals of CERCLA, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, the State of Rhode Island, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or

j. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

k. "Natural Resource Damages" shall mean damages recoverable pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, for injury to, destruction of, or loss of natural resources at the Site including, but not limited to, Costs of Assessment and costs of restoring, replacing or acquiring the equivalent of injured or lost natural resources.

l. "NOAA" shall mean the National Oceanic and Atmospheric Administration of the United States Department of Commerce, and any successor departments, agencies or instrumentalities of the United States.

m. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

n. "Parties" shall mean the United States, the State of Rhode Island, and the Settling Defendant.

o. "Plaintiffs" shall mean the United States and the State of Rhode Island.

p. "Preservation Refinancing" shall mean the program administered by Rhode Island Housing pursuant to which Rhode Island Housing will enter into a refinancing arrangement with a Section 8 subsidized apartment building in exchange for the owner's agreement to extend the affordability restrictions beyond the original term.

q. "Prevailing Interest Rate" shall mean the sum of (a) the most recent weekly average yield on the twenty year treasury constant maturity bond, as published in the Federal Reserve Statistical Release H.15-Selected Interest Rates, from the date of the closing of the Preservation Refinancing mortgage transaction, and (b) 365 basis points.

r. "Property" shall mean the parcel of land owned by Settling Defendant at 2074 Smith Street in North Providence, Rhode Island, and the improvements thereon, including an affordable housing apartment building.

s. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

t. "Removal Orders" shall mean the Unilateral Administrative Order for Removal Action (CERCLA-1-2000-0026, April 12, 2000), the Second Administrative Order for Removal Action (CERCLA-1-2001-0032, March 26, 2001), and the Third Administrative Order on Consent for Removal Action (CERCLA-1-2003-0073, September 16, 2003) collectively.

u. "Rhode Island Housing" shall mean the Rhode Island Housing and Mortgage Finance Corporation.

6. From the total payment to be made to the United States, $68,450.00 shall be paid on behalf of DOI for Natural Resource Damages, including past and future Costs of Assessment. Payment shall be made by the Payment Date by Fedwire Electronic Funds Transfer to the DOJ account in accordance with current electronic funds transfer procedures, referencing DOJ Case Number ______, and NRDAR Account Number 14X5198. Payment shall be made in accordance with instructions provided, upon request, to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Rhode Island following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Settling Defendants shall send notice that such payment has been made to the persons listed in Section XV (Notices and Submissions) for notice to DOJ, and to Department of the Interior, Natural Resource Damage Assessment and Restoration Program, Attn: Restoration Fund Manager, 1849 C Street, NW, Mailstop 4449, Washington, D.C. 20240. The notice shall state that the payment is for reimbursement of Costs of Assessment for natural resource damage assessment and for Natural Resource Damages with respect to the Centredale Manor Restoration Project Superfund Site, located in North Providence, Rhode Island, and include the DOJ Case Number ______, the Site name, the Site location, and the name of the Settling Defendant making the payment.

7. The remaining payment to be made to the United States shall be paid on behalf of EPA and shall be deposited in the Centredale Manor Restoration Project Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site. This payment shall be made by the Payment Date by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number ___________, the EPA Region and Site Spill ID Number RID981203755, and DOJ Case Number __________. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Rhode Island following lodging of the Consent Decree. Any payment received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Except as provided in Paragraph 10 of this Consent Decree, and subject to Section XII of this Consent Decree, Settling Defendant shall have no further obligation to conduct or finance response actions in connection with the Removal Orders.

8. At the time of payment to EPA, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions) and to George Hoxie at EPA New England, One Congress Street, Suite 1100 (MCO), Boston, Massachusetts 02114-2023.

9. Payment to the State pursuant to Paragraph 5 shall be in the form of a certified check. The check shall be made payable to "General Treasurer - State of Rhode Island (for deposit in the Environmental Response Fund)," and shall only be used by the State for the benefit of and/or for use at the Site. By the Payment Date, Settling Defendant shall send the check to the State representative listed in Section XV (Notices and Submissions).

10. In addition to the payments to be made to the United States and the State, Settling Defendant shall deposit, by the Payment Date, $150,000 to be held by Settling Defendant in an escrow account (the "Removal Orders Reserve Account") pursuant to an escrow

1. Stipulated penalties owed to EPA are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number RID981203755, and DOJ Case Number _______, and shall be sent to:

Region 1
U.S. Environmental Protection Agency
Attn. Hazardous Substance Superfund Accounting
P.O. Box 360 197M
Pittsburgh, PA 15251

At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions) and to George Hoxie at EPA New England, One Congress Street, Suite 1100 (MCO), Boston, Massachusetts 02114-2023.

2. Stipulated penalties owed to DOI are due and payable within 30 days after the date of the demand for payment of the penalties by DOI. All payments to DOI under this Paragraph shall be identified as "stipulated penalties" and shall be made in the same manner as set forth in Paragraph 6. At the time of each payment, Settling Defendant shall send notice that payment has been made to DOI and DOJ in accordance with Section XV (Notices and Submissions).

3. Stipulated penalties owed to the State are due and payable within 30 days after the date of demand for payment of penalties by the State. All payments to the State under this Paragraph shall be identified as "stipulated penalties" and shall be made in the same manner as set forth in Paragraph 9. At the time of payment, Settling Defendant shall send notice that payment has been made to the State in accordance with Section XV (Notices and Submissions).

b. Penalties shall accrue as provided in this Paragraph regardless of whether EPA, DOI or the State has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

c. In the event that the closing of the Preservation Refinancing mortgage transaction is delayed as a result of causes beyond the control of Rhode Island Housing and the Settling Defendant, the time for performance of the Settling Defendant's obligations under this Consent Decree shall be extended by an amount of time equal to the delay.

on its status as and in its capacity as a partner, officer, director, heir, successor or assign of Settling Defendant, and Rhode Island Housing, with regard to the Site, pursuant to Section 107(a) of CERCLA, 42 U.S.C. §§ 9607(a), RCRA §7001 et seq., 42 U.S.C. § 6971 et seq., the Federal Water Pollution Control Act §301 et seq., 33 U.S.C. §1311 et seq.; the Rhode Island Industrial Property Remediation and Reuse Act, R.I. Gen. Laws Ch. 23-19.14 et seq.; the Rhode Island Hazardous Waste Management Act , R.I. Gen. Laws Ch. 23-19.1 et seq.; the Rhode Island Oil Pollution Control Act, R.I. Gen. Laws Ch. 46-12.5 et seq., the Rhode Island Groundwater Protection Act , R.I. Gen. Laws Ch. 46-13.1 et seq.; the Rhode Island Water Pollution Act, R.I. Gen. Laws Ch. 46-12 et seq.; and pursuant to other similar state law or common law regarding hazardous waste, environmental pollution, nuisance, or trespass. With respect to present and future liability, this covenant not to sue shall take effect upon receipt by the State of all payments required by Section VI (Payment By Settling Defendant) and any amount due under Section VII (Failure to Comply with Consent Decree). The State's total damages and/or response costs recoverable from other entities with respect to the Site shall be reduced by the amount of the payment received from Settling Defendant in accordance with Section VI of this Consent Decree.

## IX. RESERVATION OF RIGHTS

20. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Paragraph 18. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant, with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability for damages, including the costs of an assessment of damages, under Section 107 CERCLA, 42 U.S.C. § 9607, for injury to, destruction of, or loss of natural resources due to the past, present, or future disposal, release, or threat of release of hazardous substances outside of the Site;

c. criminal liability;

d. liability, based on Settling Defendant's future transportation, treatment, storage, or disposal, or the future arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant;

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant by Settling Defendant outside of the Site; and

f. liability for injuries to natural resources resulting from future operations or activities of Settling Defendant at the Site.

21. The State reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant

Except as provided in Paragraph 25 (Waiver of Claims) and Paragraph 30 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 20 (b) – (f) but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

24. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

25. Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

26. Settling Defendant agrees that it will not sell, assign, transfer or exchange the Property, unless the transferee agrees, as part of the transfer, to use the Property as affordable housing or, if approved by Rhode Island Housing, as an affordable assisted living facility, for the balance of the time period specified in Paragraph 33 below and to be bound by the access and institutional controls provisions in Section XII. In the event of such a transfer of the Property, or any portion thereof, Settling Defendant shall notify EPA and DOJ within 30 days before the closing of the transfer and shall provide EPA and DOJ with a copy of the sale agreement within that same time period. Notwithstanding any transfer of the Property, or a portion thereof, Settling Defendant shall continue to be bound by all the terms and conditions, and subject to all the benefits, of this Consent Decree. Nothing in this Paragraph obligates Settling Defendant to, or prohibits Settling Defendant from, transferring the Property or any portion thereof.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

27. Except as provided in Paragraphs 18, 19, 25 and 28, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 25, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

28. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant, its current and former general and limited partners, and their officers, directors, heirs, successors and assigns, but only to the extent that the alleged liability of the partner, officer, director, heir, successor or assign is based solely on its status as and in its capacity as a partner, officer, director, heir, successor or assign of Settling Defendant, and Rhode Island Housing are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. §

its ownership or control, for the purpose of conducting any response activity related to the Site, including, but not limited to, the following activities:

1. Monitoring, investigation, removal, remedial or other activities at the Site;

2. Verifying any data or information submitted to the United States;

3. Conducting investigations relating to contamination at or near the Site;

4. Obtaining samples;

5. Assessing the need for and/or planning additional response actions at or near the Site;

6. Implementing additional response actions at or near the Site;

7. Inspecting and copying records, operating logs, contracts, or other non-privileged documents maintained or generated by Settling Defendant or its agents, consistent with Section XIII (Access to Information);

8. Assessing Settling Defendant's compliance with this Consent Decree;

9. Determining whether the Site or Property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree; and

10. Ongoing response actions at the Site pursuant to the Removal Orders.

b. Commencing on the date of lodging of this Consent Decree, maintain the Property in a manner appropriate for a residential apartment complex (including standard landscaping activities) and refrain from using the Site or Property in any manner that would interfere with or adversely affect the implementation, integrity or protectiveness of any removal or remedial measures performed at the Site; and

c. If EPA so requests, execute and record with the Records of Land Evidence of the Town of North Providence, in Providence County, State of Rhode Island, an easement, running with the land, that (i) grants a right of access for the purpose of conducting response activities at the Site, and (ii) grants the right to enforce the land/water use restrictions or other restrictions that EPA determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the removal or remedial measures to be performed at the Property, provided that such easement shall not materially interfere with the current and future use of the Property for affordable housing. Settling Defendant shall grant such access rights and the rights to enforce the land/water use restrictions to one or more of the following persons, as determined by EPA (i) the United States, on behalf of EPA, and its representatives, (ii) the State and its

34. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII. ACCESS TO INFORMATION

35. Settling Defendant shall provide to EPA, upon request, copies of all non-privileged records, reports, or information (hereinafter referred to as "records") within its possession or control or that of its contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

36. Confidential Business Information and Privileged Documents.

a. Settling Defendant may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Settling Defendant that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendant.

b. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing records, it shall provide EPA with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

37. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

## XIV. RETENTION OF RECORDS

38. Until 10 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # _______ )
P.O. Box 7611
Washington, D.C. 20044-7611

As to DOI:

Mark Barash
U.S. Department of the Interior
Office of the Solicitor
One Gateway Center
Suite 612
Newton Corner, MA 02158-2868

As to NOAA:

Gwendolyn A. Wilkie
United States Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel, Natural Resources Division
Gloucester, MA 01930-2298

As to EPA:

Anna Krasko
U.S. E.P.A - New England Region
One Congress Street Suite 1100 (HBO)
Boston, Massachusetts 02114-2023

As to the State:

Louis Maccarone
Sanitary Engineer
Project Manager
RIDEM Office of Waste Management
235 Promenade Street
Providence, RI 02908

47. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

48. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX. FINAL JUDGMENT

49. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _______ DAY OF ________________, 2005.

______________________________
United States District Judge

Robert W. Varney
Regional Administrator
New England Region, Region 1
U.S. Environmental Protection Agency
One Congress Street, Suite 1100
Boston, MA 02114-2023

Eve S. Vaudo
Senior Enforcement Counsel
New England Region, Region 1
U.S. Environmental Protection Agency
One Congress Street, Suite 1100
Boston, MA 02114-2023

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Centerdale Manor Associates, Civ. Act. No. _________, relating to the Centredale Manor Restoration Project Superfund Site.

FOR THE STATE OF RHODE ISLAND

______________________________
Patrick C. Lynch
Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

______________________________
Frederick J. Vincent
Interim Director
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767

______________________________
Bret Jedele
Staff Attorney
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767

Date: 1/28/05

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Centerdale Manor Associates , Civ. Act. No. __________, relating to the Centredale Manor Restoration Project Superfund Site.

FOR SETTLING DEFENDANT,
CENTERDALE MANOR ASSOCIATES, a Rhode Island limited partnership

By its General Partner,
CENTERDALE ASSOCIATES, a Rhode Island limited partnership

By: [signature]
John L. Marshall, III, its General Partner

By its General Partner,
C/S HOUSING ASSOCIATES LIMITED PARTNERSHIP

By its General Partner,
C/S CENTERDALE CORPORATION

By: [signature]
Paul E. Tryder, its President

Date: January 24, 2005

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: CORNERSTONE CORPORATION

By: [signature]
Paul E. Tryder, its President and the Authorized Agent of Centerdale Manor Associates, a Rhode Island limited partnership
725 Canton Street
Norwood, MA 02062