**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, and<br><br>CENTERDALE MANOR ASSOCIATES<br><br>Defendants. | ) | No. 05-195S<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Emhart Industries, Inc. ("plaintiff" or "Emhart"), by and through its undersigned attorneys, states as follows:

### NATURE OF THE CASE

1. This is a civil action under Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, Pub. L. No. 96-510, as amended by the Superfund Amendment and Reauthorization Act of 1986, Pub. L. No. 99-499 ("CERCLA"), 42 U.S.C. §§ 9607, 9613; and Section 6 of the Rhode Island Industrial Property Remediation and Reuse Act ("IPRRA"), R.I. Gen. Laws § 23-19.14-6; in which plaintiff, as authorized by the foregoing statutes, seeks to recover certain costs which it has incurred and will incur in investigating and responding to releases or threatened releases of hazardous substances at or from the Centerdale Manor Restoration Project Superfund Site in North Providence, Rhode Island (the "Site"). Plaintiff also seeks a declaratory judgment holding defendants liable under CERCLA §§ 107 and 113 and IPRRA for their proportionate shares of costs incurred or to be incurred in investigating and responding to such releases or threatened releases of hazardous substances at or from the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. § 1331.

3. This Court has authority to issue a declaratory judgment concerning the rights and liabilities of the parties pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 9613(g)(2), and R.I. Gen. Laws § 9-30-1.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613(b), because the claims arose in this District, the releases or threatened releases of hazardous substances occurred in this District, and defendants reside or have done business in this District.

## THE PARTIES

5. Plaintiff Emhart Industries, Inc. is a corporation formed under the laws of the state of Connecticut with its principal place of business in Towson, Maryland. Plaintiff is a person within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

6. Defendant Brook Village Associates Limited Partnership ("Brook Village") is a partnership organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located in Boston, Massachusetts. Brook Village is a person within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

7. Defendant Centerdale Manor Associates ("Centerdale Manor") is a partnership organized and existing under the laws of the State of Rhode Island with its principal place of business located in Canton, Massachusetts. Centerdale Manor is a person within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

## THE SITE

8. The Site is located in North Providence, Rhode Island. It consists of two parcels, 2072 and 2074 Smith Street, encompassing approximately 9.7 acres, and adjacent portions of the Woonasquatucket River and its floodplain including, but not limited to, Allendale Pond and Lyman Mill Pond. EPA has determined that hazardous substances are present at the Site.

9. For a period of time during the 1940s, through the 1960s, chemical manufacturing operations were conducted on a portion of the Site. In addition, for a period during the 1950s into the early 1970s, drum reconditioning operations were conducted on another portion of the Site. EPA has alleged that the activities resulted in environmental contamination at the Site.

10. In October 1976, Brook Village purchased a 3.5-acre parcel on the Site, located at 2072 Smith Street in North Providence, Rhode Island, on which the chemical company had previously operated. Brook Village started construction of an apartment building in 1976 and completed construction in 1977. Brook Village is the current owner of a housing apartment building at the Site.

11. In March 1982, Centerdale Manor purchased a 5.4-acre parcel on the Site, located at 2074 Smith Street in North Providence, Rhode Island, on which the barrel company had previously operated. Centerdale Manor started construction of an apartment building in 1982 and completed construction in 1983. Centerdale Manor is the current owner of a housing apartment building at the Site.

12. In January 1999, EPA initiated a removal action which included sampling and placing temporary fencing around contaminated surface soil. Thereafter, EPA performed additional removal actions including Site clearing; sampling activities; the erection of permanent fencing, and community outreach. In September 1999, EPA authorized the funding and

implementation of a flood evaluation study and the design and construction of two interim soil caps.

13. Beginning in 1999, EPA sent general notice letters to Brook Village and Centerdale Manor and three other Potentially Responsible Parties ("PRPs"), including Emhart. EPA requested that all five PRPs voluntarily perform or finance removal activities at the Site.

14. In July 1999, EPA began a remedial investigation/feasibility study ("RI/FS") at the Site which will lead to the selection of a remedial action to address the release or threatened release of hazardous substances at or from the Site.

15. On April 12, 2000, EPA issued a Unilateral Administrative Order ("UAO") to five potentially responsible parties ("PRPs"), including Emhart and defendants, ordering those PRPs to implement certain removal activities with respect to environmental conditions at the Site. Emhart has complied with the UAO. EPA approved the PRPs' Completion of Work Report on September 11, 2000.

16. In March 2001, the Site was placed on the National Priorities List ("NPL"), 40 C.F.R. Part 300, Appendix B, pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a).

17. On March 26, 2001, EPA issued a second Unilateral Administrative Order to Brook Village and Centerdale Manor and three other PRPs ordering these parties to perform the work set forth in the Engineering Evaluation and Cost Analysis. Emhart has complied with the second UAO.

18. On September 11, 2003, EPA executed a Third Administrative Order on Consent for Removal Action ("AOC") with ten PRPs, including Emhart. The AOC required Emhart and others to implement certain additional time-critical removal activities at the Site. Emhart has complied with the AOC.

19. Emhart has incurred in excess of $1 million, and EPA allegedly has incurred in excess of $14.5 million, in response costs related to the Site.

**COUNT I**
**COST RECOVERY UNDER CERCLA**
**(42 U.S.C. § 9607(a)(4)(B))**

20. Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. Each of the Defendants is a current "owner or operator" as that term is defined in CERCLA § 101(20)(A), 42 U.S.C. § 9601(20)(A).

22. Each of the Defendants also was an owner or operator at the time of "disposal" as that term is defined in CERCLA § 101(29), 42 U.S.C. § 9601(29).

23. The Site constitutes a "facility," or more than one "facility," within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

24. Industrial and development activities conducted at the Site resulted in "releases" and "threatened releases" of "hazardous substances" at and from the Site as those terms are defined in CERCLA §§ 101(14) and (22), 42 U.S.C. §§ 9601(14) and (22).

25. The releases or threatened releases of hazardous substances at the Site have caused Emhart to incur "response" costs, as defined in 42 U.S.C. § 9601(25), which have not been reimbursed. Emhart continues to incur additional "response" costs, as defined in 42 U.S.C. § 9601(25).

26. The response costs Emhart has incurred, and will likely continue to incur, are necessary costs of response that conform to the National Contingency Plan ("NCP"), 40 C.F.R. pt. 300, *et seq.*, under CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).

**COUNT II**
**CONTRIBUTION UNDER CERCLA**
**(42 U.S.C. § 9613(f)(1))**

27. Paragraphs 1-26 are incorporated by reference as if fully set forth herein.

28. CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), provides:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

29. Under CERCLA §§ 107(a) and 113(f)(1), 42 U.S.C. §§ 9607(a) and 9613(f)(1), each Defendant is liable to plaintiff for its proportionate share of all response costs, and interest thereon, incurred or to be incurred by plaintiff in connection with the Site.

**COUNT III**
**INDUSTRIAL PROPERTY REMEDIATION AND REUSE ACT**
**(R.I. GEN. LAWS § 23-19.14-1 *et seq.*)**

30. Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31. Each Defendant is a "person" with the meaning of IPRRA § 3(h), R.I. Gen. Laws § 23-19.14-3(h).

32. "Hazardous materials," as defined in IPRRA § 3(c), R.I. Gen. Laws § 23-19.14-3(c), were disposed of at or have otherwise contaminated the Site.

33. The Site is a "site" within the meaning of IPRRA § 3(n), R.I. Gen. Laws § 23-19.14-3(n).

34. There has been a "release" or threatened "release" of hazardous materials within the meaning of IPRRA § 3(j), R.I. Gen. Laws § 23-19.14-3(j), into the soil and groundwater at the Site.

35. IPRRA § 6, R.I. Gen. Laws § 23-19.14-6, provides in pertinent part, that responsible parties are strictly, jointly and severally liable for the following:

> (1) [a]ll removal or remedial actions necessary to rectify the effects of a release of hazardous material so that it does not cause a substantial danger to present or future public health or welfare or the environment [and] ... (3) [a]ny other necessary costs of removal or remedial action incurred by any other person.

36. IPRRA § 6(a)(1), R.I. Gen. Laws § 23-19.14-6(a)(1), defines "responsible parties" to include "[t]he owner or operator of the site."

37. Defendants are liable under IPRRA § 6(a)(1), R.I. Gen. Laws § 2-19.14-6(a)(1), as persons who own the Site.

38. Emhart has incurred necessary costs of "removal or remedial action," as defined in IPRRA § 3(k), R.I. Gen. Laws § 23-19.14-3(k), which have not been reimbursed.

39. Each Defendant is liable, jointly and severally, to Emhart pursuant to IPRRA § 6, R.I. Gen. Laws § 23-19.14-6, for all necessary costs of removal or remedial action, and interest thereon, incurred or to be incurred by Emhart in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE, Emhart prays that this Court:

A. Award damages to Emhart against each Defendant in an amount equal to each Defendant's proportionate share of the response costs, including but not limited to attorneys' fees, that Emhart has incurred to date in connection with the Site, with interest;

B. Enter a declaratory judgment in favor of Emhart holding each Defendant liable for its proportionate share of all additional response costs incurred or to be incurred by Emhart in connection with the Site;

C. Enter judgment against Defendants, jointly and severally, under IPRRA § 6 for all necessary costs of removal or remedial action, and interest thereon, incurred and to be incurred by Emhart in connection with the Site;

D. Award Emhart attorney fees, costs, and disbursements in this action; and

E. Grant such other and further relief as the Court deems appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests trial by jury on all claims so triable.

Respectfully submitted,
EMHART INDUSTRIES, INC.

By Its Attorneys,

Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

OF COUNSEL:
Warren Anthony Fitch, Esq.
Jerome C. Muys, Jr., Esq.
L. Misha Preheim, Esq.
SWIDLER BERLIN LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500
(202) 295-8478 (Facsimile)